UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:98-CR-37-20-F
No. 5:00-CV-61-F

| | | |
|---|---|---|
| EARL WEBB, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

On February 9, 2006, the undersigned entered an Order [DE-578] allowing the Government's Motion for Summary Judgment [DE-565], and dismissing petitioner Earl Webb's § 2255 motion [DE-486]. The court denied Webb's subsequent motion [DE-583] for appealability by order of April 27, 2006 [DE-584].

Webb nevertheless appealed the § 2255 order, and the Fourth Circuit Court of Appeals also denied certificate of appealability, ruling:

> A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfied this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. We have independently reviewed the record and conclude that Webb has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

*United States v. Webb*, No. 06-6926 (4th Cir. Nov. 6, 2006), (hereafter, "*Webb*") [DE-604].

More than *five years* later, on May 23, 2011, Webb filed a 38-page document[1] bearing the § 2255 caption and case numbers, entitled, "Rule 60(b)(6) of Federal Rules of Civil Procedure." *See* [DE-760]. Therein, he devotes a number of paragraphs to explaining the law

---

[1] Local Civil Rule 7.2(e) provides that a memorandum filed in support of a motion may not exceed 30 pages, absent leave of court. Webb did not seek such leave.

governing Rule 60(b)(6) motions and arguing that this motion is not, and should not be construed as, a second or successive § 2255 petition.

The court has read Webb's "Rule 60(b)(6)" motion in its entirety and in light of the record of this case, including Webb's previous motions and the court's prior orders. The court has considered Webb's arguments and theories, and acknowledges the extensive work expended in creating this motion. Having done so, the court nevertheless rejects Webb's position that his motion is a bona fide Rule 60(b)(6) motion demonstrating "extraordinary circumstances," and not a successive petition for relief from his conviction and sentence.

Webb's reliance on *Gonzalez v. Crosby*, 545 U.S. 524 (2005), is misplaced, as the Court specifically limited the holding in that case to proceedings brought under 28 U.S.C. § 2254. *See id.* at 530, n.3.[2] Even if *Gonzalez* were applicable here, it is of no assistance to Webb, because that case makes clear that any type of attack on the merits of the proceeding constitutes a second or successive petition. While a Rule 60(b) motion challenging only a district court's failure to reach the merits of a habeas petition does not require precertification, *see id.* at 538, the comprehensive prior order in *this* case did reach the merits of Webb's § 2255 petition. *See* Order [DE-578], p. 17 ("The court has reviewed the entirety of Webb's § 2255 motion and memoranda filed in support thereof, and has found no meritorious claim").

---

[2] To date, the Fourth Circuit Court of Appeals has not addressed in any reported case the issue whether or not *Gonzalez* applies in § 2255 cases. However, a number of that court's unpublished opinions, such as *United States v. Downing*, 372 Fed. App'x 435, 436 (4th Cir. April 2, 2010), contain the following language:

> The claims raised in [petitioner's] Rule 60(b) motion challenge the validity of his convictions. Thus, the district court should have construed the motion as a successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (explaining how to differentiate a true Rule 60(b)( motion from an unauthorized second or successive habeas corpus petition); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (same).

2

On the thirty-sixth page of his "Rule 60(b)(6)" motion, Webb prefaces his "CONCLUSION" with the explanation that the motion is "not a second or successive habeas petition . . . [but] seeks only to vacate the [prior] judgment dismissing the habeas petition." He contends that to allow the instant motion "would merely reinstate the previously dismissed petition for habeas, opening the way for further proceedings seeking ultimately to vacate the conviction." Motion [DE-760], p. 36.

Notwithstanding Webb's attempts to couch his motion in terms he believes convey an attack on only on procedural rulings and "defects in the integrity" of the prior § 2255 order, his "Rule 60(b)(6)" motion in fact challenges every aspect of that merits determination and argues in detail why he believes he was wrongly convicted and unfairly sentenced. Webb had the opportunity to appeal, and, in fact, *did* appeal, this court's prior order, but failed to show grounds for issuance of a certificate of appealability. *See Webb* [DE-604].

The court concludes that, notwithstanding its title, Webb's "Rule 60 (b)(6)" motion [DE-760] in fact seeks to avoid limitations on federal collateral proceedings under § 2255, *see Winestock*, 340 F.3d at 207, and seeks to relitigate the merits of the substantive claims rejected in this court's order of February 9, 2006 [DE-578]. The motion therefore constitutes an effort to prosecute a second or successive § 2255 motion for which he first must obtain authorization from the appellate court.

Webb's "Rule 60 (b)(6)" motion [DE-760] hereby is DENIED, as is a Certificate of Appealability. This matter is DISMISSED without prejudice to Webb to pursue authorization to file a second or successive § 2255 petition pursuant to § 2255 (h) & § 2244 (b) and/or to seek a Certificate of Appealability from the Fourth Circuit Court of Appeals under § 2253(c).

SO ORDERED. This, the 17 day of June, 2011.

JAMES C. FOX
Senior United States District Judge